### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF ILLINOIS
### BENTON DIVISION

| | | |
|---|---|---|
| Aaron Sealy, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 22-CV-2349 |
| v. | ) | |
| | ) | |
| Chase Partain, Deputy D. Elliot, | ) | |
| City of McLeansboro, Hamilton County | ) | |
| Sheriff's Office, and Hamilton County, | ) | |
| | ) | |
| Defendants. | ) | |

### COMPLAINT

Plaintiff Aaron Sealy, through his attorneys Hale & Monico, complains of Defendants Chase Partain, Deputy D. Elliot, the City of McLeansboro, Hamilton County Sheriff's Office, and Hamilton County and states as follows:

### PARTIES

1.      Aaron Sealy is a resident of the State of Illinois.

2.      Defendant Partain is, upon information, a resident of the State of Illinois. During the relevant time, Defendant Partain was employed by the City of McLeansboro as a law enforcement officer. Throughout his interactions with Plaintiff, Defendant Partain acted within the scope of his employment and under color of law.

3.      Defendant Elliot is, upon information and belief, a resident of the State of Illinois. During the relevant time, Defendant Elliot was employed by the Hamilton County Sheriff's Office as a law enforcement officer. Throughout his interactions with Plaintiff, Defendant Elliot acted within the scope of his employment and under color of law.

4.     The City of McLeansboro is a municipal corporation organized and doing business under the laws of the State of Illinois. McLeansboro employed Defendant Partain as a law enforcement officer on October 20, 2021.

5.     The Hamilton County Sheriff's Office employed Defendant Elliot on October 20, 2021.

6.     Hamilton County is a municipal corporation organized, existing, and doing business under the laws of the State of Illinois. Hamilton County is named as a party pursuant to the indemnification requirements of 745 ILCS 10/9-102.

## JURISDICTION AND VENUE

7.     This action arises under the Constitution of the United States, particularly the Fourth and Fourteenth Amendments to the Constitution of the United States, under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988, and under the laws of the State of Illinois.

8.     The jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, Sections 1331 and 1343. Plaintiff also invokes the supplemental jurisdiction of this Court pursuant to Title 28 of the United States Code, Section 1367.

9.     Venue is proper in the United States District Court for the Southern District of Illinois, Benton division, under Title 28 of the United States Code, Section 1391(b)(2), as the events complained of occurred within this district and City of McLeansboro and Hamilton County are located within this district.

## FACTUAL ALLEGATIONS

10.     On October 19, 2021, Plaintiff was arrested by Defendant Partain.

11.     Defendant Partain performed a search of Plaintiff and no weapons were recovered from Plaintiff's person.

12.     Defendant Elliott arrived to assist with the arrest of Plaintiff.

13.     Defendant Elliott also performed a search of Plaintiff and no weapons were recovered from Plaintiff's person.

14.     Plaintiff was transported to the Hamilton County Sheriff's Office.

15.     At the Sheriff's Office, Defendant Partain searched Plaintiff a second time and no weapons were recovered.

16.     Plaintiff was handcuffed to a wall and seated in a wooden chair.

17.     Defendants noticed Plaintiff was pulling on the handcuffs.

18.     Plaintiff stated that the handcuffs were bothering him.

19.     Defendants were completing paperwork on the other side of the room, approximately 15-20 feet from Plaintiff.

20.     At approximately 12:17 AM on October, 20, 2021, Plaintiff pulled on the handcuffs and they became separated from the wall.

21.     Plaintiff took a fire extinguisher from the wall, took a step back, and sprayed in the direction of Defendants.

22.     Upon information and belief, Defendants were between 15-20 feet away from Plaintiff at the time Plaintiff sprayed the fire extinguisher in the direction of Defendants.

23.     Plaintiff made no attempt to advance on Defendants and gave no indication he would use the fire extinguisher as a weapon. Plaintiff also made no attempt to flee the Hamilton County Sheriff's Office.

24.     Defendant Partain unholstered his firearm and discharged three rounds in Plaintiff's direction. Upon information and belief, Defendant Partain was between 15-20 feet away from Plaintiff at this time.

25.     Defendant Elliot unholstered his firearm and discharged three rounds in Plaintiff's direction. Upon information and belief, Defendant Elliot was between 15-20 feet away from Plaintiff at this time.

26.     At the time Defendants Partain and Elliot fired their service weapons at Plaintiff, Plaintiff did not pose an imminent threat of death or great bodily harm to any individual.

27.     One of the rounds fired by Defendant struck Plaintiff in the abdomen.

28.     At this time, it is unclear whether the round that struck Plaintiff was fired by Defendant Partain or Defendant Elliot.

29.     Defendant Partain ordered Plaintiff to roll onto his stomach – where the fired round had entered Plaintiff's body – and then handcuffed Plaintiff.

30.     Emergency medical professionals arrived and loaded Plaintiff into an ambulance to be transported to a hospital.

31.     At this time, Plaintiff was losing consciousness and his medical condition was rapidly declining.

32.     The handcuffs placed on Plaintiff by Defendant Partain hampered medical treatment of Plaintiff and said treatment was delayed until the handcuffs were removed.

33.     Plaintiff was taken to Hamilton County Memorial Hospital and was stabilized for transport to Carbondale Memorial Trauma emergency department.

34.     The first air transport arrived and was a small helicopter.

35.     Upon information and belief, despite Plaintiff's grave medical condition, law enforcement refused to allow Plaintiff to be transported for emergency medical care without armed, police guard.

36.     The first air transport was unable to transport Plaintiff for the emergency medical care as it could not accommodate armed, police guard in the transport.

37.     A second air transport was dispatched to transport Plaintiff to Carbondale Memorial Trauma.

38.     Plaintiff was able to be taken to Carbondale Memorial Trauma in this second air transport. At this time, Plaintiff was in critical condition due to the gunshot to his abdomen.

39.     Plaintiff was eventually treated for the gunshot wound to his abdomen and required extensive medical care.

## CLAIMS

### Count I – Defendant Partain
### Section 1983 – Fourth Amendment Violation

40.     Plaintiff incorporates Paragraphs 1-37 of this Complaint as though fully set forth herein.

41.     Defendant Partain used deadly force against Plaintiff when he discharged his firearm three times in Plaintiff's direction.

42.     One of the rounds fired by Defendants struck Plaintiff.

43.     At the time of the use of deadly force by Defendant Partain, Plaintiff did not pose an imminent threat of death or serious physical harm to Defendant Partain or others.

44.     Based on the totality of the circumstances, the use of deadly force by Defendant Partain was unreasonable.

45.     As such, the use of deadly force by Defendant Partain violated Plaintiff's Fourth Amendment rights.

46.     As a result of the violation of his Fourth Amendment rights, Plaintiff suffered injuries.

Plaintiff prays for judgment in his favor and against Defendant Partain on this Count and an award of compensatory and punitive damages, attorneys' fees, costs, and any other relief that is just.

**Count II – Defendant Elliot**
**Section 1983 – Fourth Amendment Violation**

47.     Plaintiff incorporates Paragraphs 1-37 of this Complaint as though fully set forth herein.

48.     Defendant Elliot used deadly force against Plaintiff when he discharged his firearm three times in Plaintiff's direction.

49.     One of the rounds fired by Defendants struck Plaintiff.

50.     At the time of the use of deadly force by Defendant Elliot, Plaintiff did not pose an imminent threat of death or serious physical harm to Defendant Partain or others.

51.     Based on the totality of the circumstances, the use of deadly force by Defendant Elliot was unreasonable.

52.     As such, the use of deadly force by Defendant Elliot violated Plaintiff's Fourth Amendment rights.

53.     As a result of the violation of his Fourth Amendment rights, Plaintiff suffered injuries.

Plaintiff prays for judgment in his favor and against Defendant Elliot on this Count and an award of compensatory and punitive damages, attorneys' fees, costs, and any other relief that is just.

**Count III – Defendant City of McLeansboro**
**Willful and Wanton Conduct**

54.     Plaintiff incorporates Paragraphs 1-37 of this Complaint as though fully set forth herein.

55.     During the relevant time, Defendant Partain was employed by the City of McLeansboro as a police officer.

56.     On October 20, 2021, the City of McLeansboro, acting by and through its duly authorized agents and employees, had a duty to refrain from willful and wanton conduct.

57.     Notwithstanding this duty to refrain from willful and wanton conduct, on October 20, 2021 the City of McLeansboro was willful and wanton in one or more of the following ways:

a.   Intentionally shot Plaintiff without lawful justification;

b. Recklessly shot Plaintiff without lawful justification;
c. Discharged a weapon in such a manner as to shoot Plaintiff without lawful justification;
d. Used excessive and unreasonable force;
e. Failed to exercise the proper level of force that was warranted under the circumstances;
f. Failed to properly respond to the situation, failed to properly de-escalate the situation, and failed to properly defuse the situation, all without resorting to deadly force;
g. Shot Plaintiff when there was no reasonable belief that deadly force was necessary to prevent death or great bodily harm;
h. Acted inconsistently with and/or violated applicable law enforcement standards as they relate to the use of deadly force;
i. Delayed medical treatment for Plaintiff by preventing his transport to a hospital;
j. Was otherwise willful and wanton.

58.     As a proximate result of one or more of the willful and wanton acts or omissions, Plaintiff suffered injuries.

Plaintiff prays for judgment in his favor and against Defendant City of McLeansboro on this Count and an award of compensatory damages, costs, and any other relief that is just.

### Count IV – Defendant Hamilton County Sheriff's Office
### Willful and Wanton Conduct

59.     Plaintiff incorporates Paragraphs 1-37 of this Complaint as though fully set forth herein.

60.     During the relevant time, Defendant Elliot was employed by the Hamilton County Sheriff's Office as a law enforcement officer.

61.     On October 20, 2021, the Hamilton County Sheriff's Office, acting by and through its duly authorized agents and employees, had a duty to refrain from willful and wanton conduct.

62.     Notwithstanding this duty to refrain from willful and wanton conduct, on October 20, 2021 the Hamilton County Sheriff's Office was willful and wanton in one or more of the following ways:

a. Intentionally shot Plaintiff without lawful justification;
b. Recklessly shot Plaintiff without lawful justification;
c. Discharged a weapon in such a manner as to shoot Plaintiff without lawful justification;
d. Used excessive and unreasonable force;
e. Failed to exercise the proper level of force that was warranted under the circumstances;

f. Failed to properly respond to the situation, failed to properly de-escalate the situation, and failed to properly defuse the situation, all without resorting to deadly force;

g. Shot Plaintiff when there was no reasonable belief that deadly force was necessary to prevent death or great bodily harm;

h. Acted inconsistently with and/or violated applicable law enforcement standards as they relate to the use of deadly force;

i. Delayed medical treatment for Plaintiff by preventing his transport to a hospital;

j. Was otherwise willful and wanton.

63. As a proximate result of one or more of the willful and wanton acts or omissions, Plaintiff suffered injuries.

Plaintiff prays for judgment in his favor and against Defendant Hamilton County Sheriff's Office on this Count and an award of compensatory damages, costs, and any other relief that is just.

## <u>Count V – Defendant City of McLeansboro and Hamilton County Indemnification</u>

64. Plaintiff incorporates Paragraphs 1-61 of this Complaint as though fully set forth herein.

65. During the relevant time, Defendant Partain was employed by the City of McLeansboro as a police officer and acted within the scope of his employment.

66. Pursuant to 745 ILCS 10/9-102, City of McLeansboro is required to indemnify any employee for any judgment for acts or omissions done within the scope of their employment.

67. During the relevant time, Defendant Elliot was employed by the Hamilton County Sheriff's Office and acted within the scope of his employment.

68. Pursuant to 745 ILCS 10/9-102, Hamilton County is required to indemnify the Hamilton County Sheriff's Office for any judgment against a public employee for acts or omissions done within the scope of their employment and is required to indemnify any public employee for any judgment for acts or omissions done within their scope of employment.

Plaintiff prays that City of McLeansboro be required to indemnify Defendant Partain for any award of compensatory damages, attorneys' fees, and costs awarded against the Defendant Partain.

Plaintiff further prays that Hamilton County be required to indemnify Defendant Elliot and Hamilton County Sheriff's Office for any award of compensatory damages, attorneys' fees, and costs awarded against Defendant Elliot and/or Hamilton County Sheriff's Office.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Shawn W. Barnett*
Shawn W. Barnett
Attorney No. 6312312
Counsel for Plaintiff

HALE & MONICO
53 W. Jackson, Suite 337
Chicago, IL 60604
HaleMonico.com
sbarnett@halemonico.com
(312) 870-6905