IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON SEALY,<br><br>        **Plaintiff,**<br><br>v.<br><br>CHASE PARTAIN, et al.,<br><br>        **Defendants.** | Case No. 22-CV-02349-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Plaintiff Aaron Sealy filed a Complaint (Doc. 1) and was subsequently granted leave to file an amended complaint (Doc. 22). On January 25, 2023, Sealy filed an Amended Complaint alleging violations of 42 U.S.C. § 1983, Willful and Wanton Conduct, and Indemnification against Defendants Chase Partain, City of Mcleansboro, D. Elliot, Hamilton County Sheriff's Office, and Hamilton County. (Doc. 25). Pending before the Court is Defendants D. Elliot, Hamilton County Sheriff's Office, and Hamilton County's ("Defendants") Motion to Dismiss the Complaint and Memorandum in Support (Docs. 27, 28). Sealy filed a Response in Opposition to the Motion (Doc. 30). For the reasons set forth below, the Motion is **GRANTED in part** and **DENIED in part**.

## FACTUAL BACKGROUND

On October 19, 2021, Sealy was arrested by Partain. (Doc. 25). Elliot subsequently arrived to assist Partain with the arrest. (*Id.*). Sealy was repeatedly searched, and no weapons were found. (*Id.*). Sealy was then transported to

Hamilton County Sheriff's Office where he was handcuffed to a wall and seated in a wooden chair. (*Id.*). At approximately 12:17 AM on October 20, 2021, Plaintiff freed his restraints from the wall. (*Id.*). Sealy then procured a fire extinguisher and proceeded to take a step back and spray the contents of the extinguisher (powdered chemicals), hitting both Partain and Elliot while they were approximately 15-20 feet away. (*Id.*). Both Partain and Elliot unholstered their firearms and discharged three rounds at Sealy. (*Id.*). One of the rounds fired by either Partain or Elliot struck Sealy in the abdomen. (*Id.*).

## LEGAL STANDARD

In analyzing a motion to dismiss for failure to state a claim filed pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court must determine whether or not the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court of Appeals for the Seventh Circuit has explained that "'[p]lausibility' is not a synonym for 'probability' in this context, but it asks for 'more than a sheer possibility that a defendant has acted unlawfully.'" *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015) (quoting *Olson v. Champaign County*, 784 F.3d 1093, 1099 (7th Cir. 2015)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . [the] [f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

District courts are required by the Court of Appeals for the Seventh Circuit to

review the facts and arguments in Rule 12(b)(6) motions "in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged and drawing all possible inferences in her favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).

## ANALYSIS

A plaintiff may not recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" under § 1983 unless the plaintiff has proven "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Thus, a claim is barred where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006) (quoting *Heck*, 512 U.S. at 487). However, a § 1983 claim challenging the reasonableness of force used "may be litigated without transgressing *Heck* . . ." even though "[p]ublic officials who use force reasonably necessary to subdue an aggressor are not liable on the merits." *Gilbert v. Cook*, 512 F.3d 899, 901 (7th Cir. 2008) (citing *VanGlider v. Baker*, 435 F.3d 689, 692 (7th Cir. 2006)). When assessing reasonableness of force the Supreme Court has held that "if the suspect threatens the officer with a weapon or there is probable cause to believe that he has committed a crime involving the infliction or threatened infliction of serious

physical harm, deadly force may be used . . ..." *See Tennessee v. Garner*, 471 U.S. 1, 11 (1985).

Defendants argued that Sealy's claims are barred by *Heck* given that Sealy plead guilty to aggravated battery of a police officer in violation of 720 ILCS 5/12-3.05(d)(4) arising from the same operative facts as this claim. (Doc. 28, p. 9). Sealy argued that *Heck* does not bar his claim because the allegations in his complaint do not necessarily imply the invalidity of his convictions for aggravated battery. (Doc. 30, p. 6). Sealy admitted at his plea that he sprayed the powder chemicals in both Partain and Elliot's "eyes, face and nose" which resulted in difficulty seeing and breathing for a period of time after. (Doc. 28-4). Such an admission runs counter to Sealy's factual allegation in his Complaint that "[a]t the time Defendants Partain and Elliot fired their service weapons at Plaintiff, Plaintiff did not pose an imminent threat of death or great bodily harm to any individual." (Doc. 25). Thus, Sealy's Complaint would call in to question the factual basis of his plea and thus necessarily imply the invalidity of his conviction.

Further, Sealy's Complaint states that "[a]fter spraying the fire extinguisher at Defendants, Plaintiff made no attempt to advance on Defendants and gave no indication he would use the fire extinguisher in such a manner to cause death or great bodily harm to any individual. Plaintiff also made no attempt to flee the Hamilton Count Sheriff's Office." (*Id.*). By qualifying the assertion that he did not use the fire extinguisher in such a manner to cause death or great bodily harm to any individual with the prefatory phrase "after spraying the fire extinguisher" Sealy impliedly admitted that he did use the fire extinguisher in such a manner by

discharging it. Therefore, Sealy's claims against Defendants cannot survive as the allegations therein demonstrate that under *Garner* the officer's conduct was reasonable given the circumstances. *See Garner*, 471 U.S. at 11. Accordingly, Count II of Sealy's Complaint must be dismissed.

Defendants also argued that the Hamilton County Sheriff's Office is not a suable entity and if it was the claim is still barred under *Heck* because the claim relies on the same conduct. (Doc. 28, p. 12). Sealy argued that the Sheriff's Office is a suable entity and that *Heck* does not apply to state law claims. (Doc. 30, p. 7-9).

First, it is well established that "the office of the Sheriff as an institutional matter is also ordinarily a suable entity under § 1983." *Ruffino v. Sheahan*, 218 F.3d 697, 700 (7th Cir. 2000) (citing *Scott v. O'Grady*, 975 F.2d 366, 370 (7th Cir. 1992)). Therefore, the claim may proceed against the Sheriff's Office as an entity. The case law cited by Defendants deals with distinguishable scenarios where a both a Sheriff and his office were being sued. *See Laundry Works Laundromat TR v. Zaruba*, 2017 Ill. App. (2d) 160433-U; *Carver v. Sheriff of LaSalle County*, 203 Ill 2d 497 (2003). The Court in those cases found that the Sheriff's Office does not have a legal identity separate from the Sheriff himself and thus cannot be sued separately when the Sheriff is a party to the suit. *See generally Laundry Works Laundromat TR v. Zaruba*, 2017 Ill. App. (2d) 160433-U; *Carver v. Sheriff of LaSalle County*, 203 Ill 2d 497 (2003).

Second, in determining the applicability of *Heck* federal courts in Illinois have held that "[t]he rule in *Heck* applies with equal force to state law claims." *Johnson v. Chibicki,* 2011 WL 5868010, at *2 (N.D. Ill. November 21, 2011).

Therefore, Count IV of Sealy's Complaint must also be dismissed as it pertains to the use of force against Sealy but survives as to delay in medical treatment as no argument has been presented by Defendants in regard to such allegation.

## CONCLUSION

For the reasons set forth above, Defendants D. Elliot, Hamilton County Sheriff's Office, and Hamilton County's Motion to Dismiss (Doc. 27) is **GRANTED in part and DENIED in part**. Plaintiff's Count II against Defendant Elliot is **DISMISSED without prejudice**. Plaintiff's Count IV against Defendant Hamilton County Sheriff's Office is **DISMISSED without prejudice** except as to delay of medical treatment.

**IT IS SO ORDERED.**

DATED: September 21, 2023

s/ *Stephen P. McGlynn*  
STEPHEN P. McGLYNN  
U.S. District Judge