THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| AARON SEALY,   ) | |
|     Plaintiff,   ) | |
| Vs.   ) | |
| ) | Case No. 22 CV 2349 |
| Chase PARTAIN, DEPUTY D. ELLIOT   ) | |
| CITY OF MCLEANSBORO, HAMILTON COUNTY   ) | |
| SHERIFF'S OFFICE AND HAMILTON COUNTY,   ) | |
| ) | |
|     Defendants.   ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS AARON SEALY'S SECOND AMENDED COMPLAINT**

**I.     Introduction**

Plaintiff Aaron Sealy's ("Plaintiff") Second Amended Complaint is his third "bite at the apple." In both his original and First Amended Complaint, Sealy admits removing a fire extinguisher off the wall, spraying it at Hamilton County Deputy Devon Elliot and City of McLeansboro Officer Chase Partain, which in his words, "caus[ed] the powdered chemicals in the fire extinguisher to hit defendants." (Dkt. 23 at 21). On February 23, 2023, the Hamilton County defendants moved to dismiss the First Amended Complaint, specifically Counts II, IV and V. (Dkt. 28). Sealy stood on his pleading and filed his written opposition on March 23, 2023. (Dkt. 30).

On September 21, 2023, this Court granted the Hamilton County defendants' motion in part. As to Sealy's excessive force claim (Count II), this Court found:

> Sealy argued that *Heck* does not bar his claim because the allegations in his complaint do not necessarily imply the invalidity of his convictions for aggravated battery. (Dkt. 30, p.6) Sealy admitted in his plead that he sprayed the powdered chemicals in both Partain and Elliot's "eyes, face and nose," which resulted in difficulty seeing and breathing for a period of time. (Dkt. 28-4). Such an admission runs counter to Sealy's factual allegations in his complaint that "at the time defendants Partain and Elliot fired their service weapons at plaintiff, plaintiff did not pose an imminent

> threat of death or great bodily harm to any individual." Thus, Sealy's complaint will call into question the factual basis of his plea and thus necessarily imply the invalidity of his conviction. (Dkt. 39 page 4 of 6).

This Court also wrote:

> Further, Sealy's complaint states that "[a]fter spraying the fire extinguisher at defendants, plaintiff made no attempt to advance on defendants and gave no indication he would use the fire extinguisher in such a manner to cause death or great bodily harm to any individual. Plaintiff also made no attempt to flee the Hamilton County Sheriff's office." By qualifying the assertion that he did not use the fire extinguisher in such a manner to cause death or great bodily harm to any individual with the prefatory phrase "after spraying the fire extinguisher", Sealy impliedly admitted that he did use the fire extinguisher in such a manner by discharging it. Therefore, Sealy's claims against Defendants cannot survive as the allegations therein demonstrate that under *Garner* the officer's conduct was reasonable given the circumstances. See *Garner,* 471 U.S. at 11. Accordingly, Count II of Sealy's complaint must be dismissed/ (Dkt. 39 at 4, 5and 6)

Lastly, this Court found:

> Second, in determining the applicability of *Heck,* federal courts in Illinois have held that "[t]he rule in Heck applies with equal force to state law claims." *Johnson vs. Chibicki*, 2011 WL 5868010, at *2 (N.D. Ill. November 21, 2011). Therefore, Count IV of Sealy's complaint must be dismissed as it pertains to use of force against Sealy but survives as to delay in medical treatment as no argument has been presented by defendants in regard to such allegation.

This Court dismissed Counts II (as pled against Elliot) and Count IV (Hamilton County Sheriff's) without prejudice. This Court denied the motion as to Sealy's claim for delayed medical treatment. (Dkt. 39 at 6).

Sealy sought leave to file a Second Amended Complaint on September 29, 2023, claiming his new pleading "cures the alleged defects of his First Amended Complaint" and added, "there is no basis to deny leave to amend." (Dkt. 45 at 2 of 5). He argued leave should be granted because he has "removed the offending language of "[at the time defendants Partain and Elliot fired their

2

service weapons at plaintiff, plaintiff did not pose an imminent threat of death or great bodily harm to any individual." He also claims that he removed this "the offending language:" "After spraying the fire extinguisher defendants, he made no attempt advance on defendant and gave no indication he would use the fire extinguisher in such a manner to cause death or great bodily harm to any individual…"

Elliot and Partain arrested Aaron Sealy on October 19, 2021. (Dkt. 47 at 10). Elliot and They transported him to the Hamilton County Sheriff's office, searched him, discovered no weapons, placed him on a wooden chair and then handcuffed him to a wall. (Dkt. 47 at 12, 13, 14, 15, & 16). Sealy claims he told the officers - who were located fifteen to twenty feet away, the handcuffs were bothering him. (Id. at 17, 18, 19). He pulled on the handcuffs and soon after "freed himself from the wall." He adds that "soon after [he] freed himself from the wall," Partain and Elliot drew their firearms and discharged three rounds [in his] direction. One of the rounds struck him in the abdomen. (Id. at 21, 22 and 23).

Sealy insists he "removed some of the offending language to make it more clear that he is not challenging his convictions for battery and is not conceding the defendant Elliot's conduct was reasonable." But Sealy is too modest. He has removed much more, including language wherein he freely admits to spraying Elliot and Partain with a fire extinguisher and then and only then did they open fire. In his motion, Sealy does not identify this allegation as one of the "offending" allegations removed from the Second Amended Complaint and offers no explanation or justification for excising it or otherwise purging it from his pleading. By removing the "offending language," Sealy does not bring clarity, but rather obfuscation.

**II.     Legal Standard**

3

A motion brought under Rule 12(b)(6) attacks the sufficiency of the complaint, not its merits. *Gibson vs. City of Chicago*, 910 F. 2d 1510, 1520 (7th Circuit 1990). In considering a Rule 12(b)(6) motion, the district court accepts as true all well-pleaded facts in the plaintiff's complaint, and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak vs. City of Chicago*, 810 F. 3d 476, 480-81 (7th Cir. 2016).

To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis." *Ashcroft vs. Iqbal,* 556 U.S. 662, 678 (2009); *Adams vs. City Indianapolis,* 742 F. 3d 720, 728-29 (7th Cir. 2014). A claim is facially plausible, "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is a liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.

In ruling on a Rule 12(b)(6) motion to dismiss, a court may also consider "those matters of which the court may take judicial notice." *Gomez vs. Illinois State Board of Education,* 811 F. 2d 1030, 1039 (7th Cir. 1987). A district court may take judicial notice of matters of public record, including court documents regarding a plaintiff's criminal case. *Pugh vs. Tribune Company*, 521 F. 3d 686, 691, n2 (7th Cir. 2008); *Anderson vs. Simon*, 217 F. 3d 472, 474-75 (7th Circuit 2000).

**III.     Sealy's Excessive Force Claim Remains *Heck* Barred**

Sealy's pleading tactics cannot circumvent the reality that his claims are *Heck*-barred. Per *Heck vs. Humphrey*, 512 U.S. 477, 486-87, a civil plaintiff may not use Section 1983 litigation to challenge or call into question his criminal conviction. A plaintiff wishing to challenge his conviction in federal court can do so only through writs of Habeas Corpus under 28 U.S. Section 2254. In other words, by an enacting 42 U.S.C. Section 1983, congress "did not authorize civil claims for which success implies the invalidity of a state conviction." *Id* at 487.

4

By freely admitting that he sprayed the officers with a fire extinguisher, Sealy pled himself out of court. He is now using his Second Amended Complaint to plead himself back into court by deleting or removing certain "offending allegations" so as not offend *Heck* and its following cases. But Sealy does not claim that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 487.

He makes no new allegations, which offer a logical way to reconcile his excessive force claim with his aggravated battery conviction. Instead, he attempts a slight of hand, erasing certain "offending" statements, which undermine the validity of his aggravated battery convictions and guilty pleas. Sealy now claims that he never used the fire extinguisher to attack the officers and instead alleges that the officers shot him after he "freed himself from the wall." The upshot is that Sealy alleges, albeit tacitly, that he did not commit aggravated battery and the officers shot him because he simply "freed himself from the wall." To accept Sealy's version of the incident, means that he did not commit the offense of aggravated battery and the officers had absolutely no justification for discharging their firearms.

Sealy does not claim that the "offending" allegations which he freely pled in two prior complaints, are inaccurate, the product of a mistake, or are untrue. He seeks to un-ring the bell, but is unable to do so because he pled guilty to two counts of aggravated battery and his plea includes a factual basis to which he admitted, through his attorney. The factual basis includes spraying the officers in the eyes and mouth with fire extinguisher chemicals.

Per the Seventh Circuit, this Court may take judicial notice of matters of public record, including court documents regarding a plaintiff's criminal case. *Pugh vs. Tribune Company*, 521

5

F. 3d 686, 691 n2 (7th Cir. 2008).    Sealy's guilty plea and its factual basis are a matter of public record and are part of this court's docket. (See Exhibits "A", "B", & "C").

On October 19, 2022, three days before he filed this lawsuit, Sealy entered a plea of guilty and two counts of aggravated battery, 720 ILCS 5/12-3.05(d)(4), each a Class II felony and received a sentence of six years on each count, the sentences to be served concurrently. (See Exhibits "A" and "B").   The Honorable Sonia L. Ligon entered judgment on Sealy's negotiated plea on October 19, 2022.  (See Exhibit "C" at page 13).

During the plea hearing, Hamilton County State's Attorney, Justin Hood introduced the following factual basis into the record:

> The Court:    All right. Good. Also for the defendant, you have heard the terms as recited by State's Attorney Hood.  Is that your agreement and understanding today?
>
> Mr. Sealy:    Yes, your Honor.
>
> The Court:    Factual basis.
>
> Mr. Hood:    Factual basis would be as follows: In 21-CF-44, Officer Chase Partain of the McLeansboro Police Department was on duty while wearing his bodycam footage.  On October 19, 2021, approximately 11:40 P.M., he spotted a red Ford 150 parked in the McLeansboro at the Kid's Kingdom Park.  No-one is allowed to park at the park after closing hours.  Subsequently made an investigatory stop to see what was going on with the vehicle, and person identified in the vehicle was Aaron J. Sealy, who appeared to under the influence.  During the investigation it was found the vehicle had been stolen out of Williamson County earlier that day, and Mr. Sealy had admitted to use of drugs and also had methamphetamine found on his person.  The vehicle that was stolen out of Williamson County had been put in :LEADS.  The vehicle was then taken into evidence to be searched by law enforcement.  All events occurred in Hamilton County in terms of the vehicle being stolen.  And the owners name was Michael Brammett.  And the vehicle identification was Ford F-150, 2013, VIN No. 1FTMF1CMFDKG49061.  All events occurred in Hamilton County.
>
> The Court:    Thank you.
>
> Mr. Turpin:    No issue with the factual basis that is stated, Your Honor.

| | |
|---|---|
| The Court: | Thank you. |
| Mr. Hood: | Subsequently, the defendant in Case No. 20-CF-29 was transported to the Hamilton County Sheriff's Department, that while in custody of the Hamilton County Sheriff's Department he was able to work a restraint loose, was able to look up for and all this was captured on a security camera in the Sheriff's Department. Look up and see a fire extinguisher, took the fire extinguisher, and being told to put the fire extinguisher down, after releasing himself restraint, began to discharge the fire extinguisher approximately ten to fifteen feet into the eyes and face of Deputy Devon Elliot and Officer Chase Partain, wherein he committed an aggravated battery in terms of spraying them. Both officers had trouble seeing and breathing for a period time afterwards. Therefore, being charged, after spraying the powder chemicals in their eyes, face and nose while being authorized in their official execution of their duties, with aggravated battery. That occurred in Hamilton County as well on October 20. |
| The Court: | Mr. Turpin? |
| Mr. Turpin: | No issues with the factual basis as stated. |

Sealy, through his attorney, admitted that he sprayed powdered chemicals inTO the eyes of Deputy Elliot and Officer Partain. He also admitted that the incident - including his use of a fire extinguisher to attack the officers with the fire extinguisher - was captured on video. In other words, he admitted there is actual video footage, which shows him spraying the officers with the fire extinguisher. Put differently, the video footage confirms the factual basis for Sealy's guilty plea. (Exhibit "C" at page 6). Judge Ligon accepted Sealy's plea, finding that he entered into it knowingly and voluntarily. (Exhibit "C" at pages 12-13).

*Heck* bars Sealy's excessive force claim because his conviction has not been reversed, expunged or called into question by the grant of A petition for habeas corpus. As the Seventh Circuit recognizes, whether a claim is barred by Heck "turns on the plaintiff's allegations" and "The theoretical possibility of a judgment for the plaintiff based on findings that do not call his

7

conviction into question is irrelevant if the plaintiff's own allegations foreclose that possibility." *Wooten vs. Law*, 118 Fed. Appx. 66, 69 (7th Circuit 2004).

A judgment in favor of Sealy would obviously call into question his criminal conviction for aggravated battery and the factual basis for his conviction. During the plea hearing, Sealy admitted that the officers told him to put the fire extinguisher down, but he nevertheless attacked them with it, spraying their eyes and faces with fire extinguisher chemicals. Contrary to what he now alleges – the officers shot him after he had freed himself from the wall, –Sealy conceded that he was shot after being told to put the fire extinguisher down and after he sprayed the officers with fire extinguisher chemicals. (Exhibit "C" at page 6)

Were Sealy to prevail on the allegations in his Second Amended Complaint, the verdict would obviously undermine key elements of the offense to which he pled guilty, aggravated battery. This also means the factual basis, which Judge Ligon accepted, was false. By claiming in his Second Amended Complaint that officers used unreasonable force, Sealy necessarily challenges the factual basis for his guilty. This is prohibited by *Heck*.

Sealy's attempt to remove the "offending allegations from his prior pleadings means nothing inasmuch has he admitted to those "offending allegations" and  were true in open court before Judge Ligon. Should Sealy succeed on his excessive force claim, several material elements which support his criminal convictions would be undermined and rendered invalid, including: (a) who was the aggressor; (b) whether Sealy sprayed the officers with chemical powder at the time of the alleged excessive force; (c) whether Sealy possessed *mens rea*; (d) whether the officers' actions were reasonable and justified (e); (f) whether Sealy discharged fire extinguisher chemicals into the officers' eyes and faces; and (g) whether the officers the officers had difficulty seeing and breathing following the attack.

To prevail on his claim for excessive force, Sealy must show that the force Elliot and Partain used was unreasonable based on severity of the crime at issue, whether he posed an immediate threat to the safety of the officers or others, and whether he was actively resisting or attempting to evade arrest. *Graham vs. Connor,* 490 U.S. 386, 396 (1989). But the factual basis to which Sealy admitted, precludes him from alleging or arguing that he did not pose an immediate threat to the safety of the officers and likewise precludes him from claiming that freeing himself from the wall, arming himself with the fire extinguisher and spraying the officers with the extinguisher did not constitute active resistance or an attempt to evade arrest.

Sealy must also plead and prove that he did not attack the officers with a fire extinguisher, did not spray powdered chemicals into their eyes, and the officers did not have trouble seeing and breathing for a period of time following Sealy's attack. (Exhibit "C" at page 6). A finding in favor of Sealy on his excessive force claim would mean that officers are essentially required to retreat in the face of resistance and after he attacked them with fire extinguisher chemical. See *People vs. Sims*, 374 Ill. App. 3d 427, 432 (2007) (an arresting officer generally may use force reasonably necessary to effect an arrest and need not retreat in the face of resistance) Lastly, a finding in favor of Sealy would mean that the video footage showing him using a fire extinguisher to attack the officers does not exist.

At bottom, Sealy alleges he suffered injuries owing to the application of excessive force but does so without acknowledging his own criminal conduct and the harm he inflicted on the defendant officers, thereby contradicting his criminal convictions, which arise out of the same incident. Having pled guilty and having admitted to a factual basis which demonstrates he attacked the officers with a fire extinguisher, effectively using it as a chemical weapon, Sealy's

9

excessive force claim is *Heck* barred and he may not avoid the consequences of his guilty plea by removing certain "offending language."

### IV. Dismissal of Counts III and IV is Proper Because Illinois Applies the *Heck* Bar to Claims Arising Under Illinois Law

As the Illinois Appellate Court recognizes, "a court must dismiss a Section 1983 claim if a judgment in the plaintiff's favor 'would necessarily imply the invalidity of his conviction or sentence." *Lieberman vs. Liberty Healthcare Corp.* 408 Ill. App 3d 1102, 1111, 948 N.E. 2d 1100, 1107 (4th Dist. 2011). Illinois has adopted the rule of *Heck* for claims arising under Illinois Law. *Littrell vs. Gulbrantson,* 2018 WL 2933664 (N.D. Ill.2018) *Starks vs. City of Waukegan,* 946 F. Supp. 2d, 780 803 (N.D. Ill., May 21, 2013) (applying *Heck* with equal force to state law claims); *Johnson vs. Chibicki*, 2011 WL 586 8010 at *2 (N.D. Ill. Nov. 21, 2011); *Northfield Ins. Co. vs. City of Waukegan,* 701 F. 3d 1124, 1137 (7th Cir. 2012)(noting "Illinois' embrace of [the *Heck*] rule and *Lieberman*").

Given Illinois' adoption of the *Heck* rule, this Court should dismiss Sealy's claim for willful and wanton misconduct.

### V. Collateral Estoppel Bars Sealy's Excessive Force Claim

Collateral estoppel is an equitable doctrine which, when applied, prevents a party from re-litigating issues decided in a prior proceeding. *Talarico vs. Dunlap*, 177 Ill. 2d 185, 191 (1997). Typically, a federal court must afford a state court determination the same preclusive effect it would receive in the state's own courts. *Bailey vs. Andrews,* 811 F. 2d 366, 369 (7th Cir. 1987). In determining whether a state court conviction bars a Section 1983 claim, the federal court looks to state law. *Brown vs. City of Chicago,* 599 F. 3d 772, 774 (7thCir. 2010).

Illinois' issue preclusion law provides that an issue litigated in a prior proceeding may not be re-litigated if: (1) the issue decided in the prior adjudication is identical to one presented in the

10

suit in question; (2) there was final judgment on the merits in the prior adjudication; and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication. *Id.* To establish a defendant's guilt, the state must prove him guilty beyond the reasonable doubt and that requirement, coupled with a defendants' right to silence and right to appeal, means criminal convictions have the same preclusive effect as ordinary civil judgments. *See American Family Mutual Insurance Company vs. Savickas,* 193 Ill. 2d 378, 450 (2000).

Under Counts II and IV, Sealy is re-litigating the state court judgment entered on his plea of guilty to two counts of aggravated battery. As to the second and third elements, it is obvious that there was final judgment on the merits, a prior adjudication, and Sealy was a party to that prior adjudication. As for the remaining element, the issues decided in Sealy's state criminal proceeding are the same issues he raises in his excessive force claim.

Sealy pled guilty to two counts of aggravated battery and the factual basis for his plea includes spraying the officers in the eyes with chemical powder, causing them to have trouble seeing and breathing for a period of time thereafter. (Exhibit "C" at page 6). Additionally, during the plea hearing, Sealy admitted that station house video footage confirms the factual basis for his plea.

Consequently, collateral estoppel precludes Sealy from maintaining an excessive force claim against Elliott and Partain.

### VI. Collateral Estoppel Bars Sealy's Willful and Wanton Claims

Counts III and IV are directed against the City of McLeansboro and Hamilton County, respectively. (Doc. 42). Sealy alleges McLeansboro and the Sheriff's office "had a duty to refrain from willful and wanton conduct" and notwithstanding that duty, committed one or more of the following unlawful acts:

- Used deadly force when it was unreasonable to do so;

- Acted inconsistently with and/or violated applicable law enforcement standards as they relate to the use of deadly force;

- Delayed medical treatment for plaintiff by preventing his transport to a hospital;

- Was otherwise willful and wanton.

As with his federal excessive force claim, Sealy is attempting to re-litigate the state court judgment entered following his plea of guilty to two counts of aggravated battery. As shown *supra*, there is no issue with respect to the second and third elements of the analysis.

As for the final element, the issues decided in Sealy's state court proceeding are the same issues he raises in his willful and wanton claim. Sealy pled guilty to two counts of aggravated battery and the factual basis, to which his attorney stipulated, includes spraying the officers in the eyes with chemical powder. As currently pled, Sealy's claim against the defendants boils down to the officers shooting him without any justification and he now claims, albeit tacitly, that he did not attack the officers with the fire extinguisher. Obviously, he is re-litigating the charges filed against him in state court.

To prevail in his criminal matter, Sealy would necessarily have to prove that he did not pose a threat to the officers and did not spray them in the eyes with chemical powder. Sealy did not contest the criminal charges, but rather pled guilty and in so doing admitted that he attacked the officers with chemical powder which is unlawful and which justified the use of deadly force.

Sealy had every opportunity in the criminal case to contest the charges of aggravated battery but chose not to do so. Instead, he pled guilty to them and accepted as true the factual basis offer to support the charges. Given these circumstances, he is estopped from to presenting evidence or arguments, which contradict or call into question the state court's final judgment.

Since Sealy admitted to the facts supporting his convictions for aggravated battery, a trier of fact may not infer that any force used against Sealy was excessive.

### VII. Sealy's Claim for Failure to Provide Medical Care Fails to Meet Rule 8's Plausibility Threshold

Under Counts III and IV, Sealy alleges the Sheriff and the City "delayed medical treatment for plaintiff by preventing his transport to a hospital." (Dkt. 47 at paragraph 56). This claim fails for a number of reasons, including the immunity established by 745 ILCS 10/4-105, which states:

> Neither a public entity nor a public nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody; but his immunity shall not apply where the employee, acting within the scope of his employment, knows from his observation of conditions that the prisoner is in need of immediate medical care and through willful and wanton conduct, fails to take reasonable action to summon medical care. Nothing in this section requires the periodic inspection of prisoners.

Per the Seventh Circuit, "The standard for assessing whether conduct is willful and wanton is 'remarkably similar to the deliberate indifference standard.'" *Jones vs. Mathews,* 2 F. 4th 607, 615 (7th Cir. 2021). Further, "neither negligence nor even gross negligence is a sufficient basis for liability; rather, liability attaches only if the conduct is intentional or criminally reckless." *Chapman vs. Keltner*, 241 F. 3d 842, 845 (7th Cir. 2001). As the Seventh Circuit has observed, "deliberate indifference is simply a synonym for intentional or reckless conduct, and reckless describes conducts so dangerous that the deliberate nature of the defendant's actions can be inferred." *Jackson vs. Illinois Medi-Car, Inc.,* 300 F. 3d 760, 764 (7th Cir. 2002).

To the extent Sealy attempts to plead a failure to provide timely medical care, that claim lacks facial plausibility. Missing from the Second Amended Complaint, are factual allegations regarding the nature or extent or duration of the alleged delay. Sealy merely alleges the City and the Sheriff prevented "his transport to a hospital." But Sealy does not begin to describe how this

13

purported delay constitutes intentional or reckless conduct or was so dangerous that the deliberate nature of the defendants' conduct can be inferred.

Sealy merely labels defendants' conduct as "willful and wanton" and adds nothing in the way of factual enhancement. This allegation is nothing more than a naked assertion, and naked assertions per "the Supreme Court, "stop short of the line between possibility and plausibility of entitlement to relief." *Ashcroft vs. Iqbal*, 556 U.S. 662, 698 (2009).

Sealy's allegations, are bare bones, conclusory and fail to raise an inference of willful and wanton conduct. Consequently, Sealy's claim for inadequate or delayed medical treatment should be dismissed.

### VIII. Since Dismissal of Counts I, II, III and IV is Proper, Count V Should Likewise Be Dismissed.

Count V is directed to the City of McLeansboro and Hamilton County. McLeansboro and Hamilton County expressly adopt Elliot and Partain's motion to dismiss and the arguments raised therein as their response to Count V. Consequently, Count V should be dismissed.

### CONCLUSION

No matter how many how many "offending statements," Sealy removes from his pleading, he cannot avoid the consequences of his guilty plea to two counts of aggravated battery and he likewise cannot escape the consequences of the factual basis for that plea. On October 19, 2022, Sealy admitted in open court that he attacked the officers with a fire extinguisher and admitted that the attack was captured on video footage. Given these circumstances, *Heck* and collateral estoppel preclude him from maintaining excessive force claims against Elliot and Partain.

Collateral Estoppel and Heck likewise bar Sealy's state law claim. Lastly, 745 ILCS 10/4-105 affords the City and the Sheriff immunity for any claim based on the failure to furnish medical care.

For the reasons stated above, all Defendants jointly and respectfully request that this Court dismiss all counts of Sealy's Second Amended complaint.

                          Respectfully submitted,

                           /s/*Patrick J. Ruberry*
                          Attorney for Defendants D. Elliot, Hamilton County Sheriff's Office and Hamilton County

Patrick J. Ruberry.
LITCHFIELD CAVO, LLP
303 West Madison  - Suite 300
Chicago, Illinois 60606
Phone:  312-781-6675
Fax:  312-781-6630
cuevas@litchfieldcavo.com
ADRC: No. 6188844

                          Respectfully submitted,

                          *s/Michael J. Victor*
                          Attorney for Defendants City of McLeansboro and Chase Partain

Michael J. Victor, #6297846
IFMK Law, Ltd.
650 Dundee Road, Ste. 475
Northbrook, IL 60062
847-291-0200
mvictor@ifmklaw.com