```
1    IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
2                  HAMILTON COUNTY, ILLINOIS
3
     THE PEOPLE OF THE            )
4    STATE OF ILLINOIS,           )
                                  )
5              Plaintiff,         )
                                  )  No. 2021-CF-44
6        vs.                      )  No. 2022-CF-29
                                  )
7    AARON J. SEALY,              )
                                  )
8              Defendant.         )
9
                      NEGOTIATED PLEA
10
     REPORT OF PROCEEDINGS of the hearing before
11
     the HONORABLE SONJA L. LIGON, on October 19th, 2022.
12
13   APPEARANCES:
14   MR. JUSTIN E. HOOD,
             State's Attorney of Hamilton County,
15           for the People of the State of Illinois,
16   MR. JONATHAN K. TURPIN,
             Public Defender,
17           for the Defendant.
18
19
20   Reported by:
21   Leslee Copple, CSR, RPR
     CSR # 084.004381
22   Official Court Reporter
     Franklin County Courthouse
23   Benton, IL 62812
24
```



1

```
 1      THE COURT:  We're here in Case Numbers 21-CF-44
 2  and 2022-CF-29, The People of the State of Illinois
 3  vs. Aaron J. Sealy.  I have present in the courtroom
 4  State's Attorney Hood, as well as Attorney Turpin,
 5  with the defendant who is in custody of the Sheriff's
 6  Office; is that correct?  Sheriff's Office or --
 7      MR. HOOD:  IDOC.
 8      THE COURT:  IDOC.  Thank you.  Defendant in
 9  custody of IDOC.  My understanding is that there is a
10  negotiated plea today.
11          State's Attorney Hood, if that is correct,
12  what are the terms?
13      MR. HOOD:  Judge, we can first start with
14  21-CF-44, Aaron J. Sealy pleads to unlawful
15  possession of a stolen or converted vehicle.  The
16  date it was committed actually is 10-19, '21, so
17  actually one year ago today.  It's a Class 2 felony.
18  He'll be entered into the Department of Corrections
19  for a period of six years.  This case will run
20  concurrent with 22-CF-29.  The sentence on Count I
21  will run and 22-CF-9 (sic) will run consecutively to
22  21-CF-574 in Williamson County, Illinois.
23          He will be given credit for 157 days in
24  custody.  He has waived his right to a jury trial in
```

```
 1  this matter.  And his fines plus costs will be
 2  $4,710.  A $549 general felony assessments.  There
 3  will be a service sheriff fee of $40.  For a total of
 4  $2,149.  Credit for time served will be $4,710, which
 5  will negate the $4,710, a fine of $589.
 6           Those are the terms and conditions in
 7  21-CF-44.
 8      MR. TURPIN:  That's accurate, Your Honor.
 9      THE COURT:  Thank you, Mr. Turpin.
10      MR. HOOD:  In 22-CF-29, he's pleading guilty to
11  Count I and Count II.  He's waived his right to a
12  jury trial in that matter.  Both counts are
13  aggravated batteries, Class 2 felonies.  The date of
14  those offenses are October 20th, 2021.  Those would
15  be six-year sentences running concurrent with each
16  other.  Also to run concurrent with 21-CF-44.  The
17  sentences on Count I and II and 21-CF-44 will be
18  served consecutively to 21-CF-574 in Williamson
19  County.
20           The fees and costs on that case will be
21  $2,355 times two, that will be on both counts, an
22  equal fine on both, for a total of $4,710.  Generic
23  felony of $549.  The DNA has been waived.  I failed
24  to mention that in the last case, but he has to take
```

```
 1  DNA in other cases.  Restitution in the amount of
 2  $1,677.61.  A service provider fee of $40.  For a
 3  total of $3,082.26 minus the $4,000.  There will be a
 4  total left of $2,266.61.
 5          Those are all of the terms and conditions in
 6  both cases.
 7     MR. TURPIN:  Accurately stated, Your Honor.
 8     MR. HOOD:  And I will write down the restitution
 9  is to the Hamilton County State's Attorney -- or,
10  excuse me, Sheriff's Department.
11     THE COURT:  All right.
12     MR. HOOD:  So those are all of the terms and
13  conditions in both of these cases, Your Honor.
14     THE COURT:  All right.  Good.  Also for the
15  defendant, you have heard the terms as recited by
16  State's Attorney Hood.  Is that your agreement and
17  understanding today?
18     MR. SEALY:  Yes, Your Honor.
19     THE COURT:  Factual basis.
20     MR. HOOD:  Factual basis would be as follows:  In
21  21-CF-44, Officer Chase Partain of the McLeansboro
22  Police Department was on duty while wearing his body
23  cam footage.  On October 19th, 2021, approximately
24  11:40 p.m., he spotted a red Ford F-150 parked in
```

```
 1  McLeansboro at the Kid's Kingdom Park.  No one is
 2  allowed to park at the parking at the park after
 3  closing hours.  Subsequently made an investigatory
 4  stop to see what was going on with the vehicle, and
 5  the person identified in the vehicle was Aaron J.
 6  Sealy, who appeared to be under the influence.
 7      During the investigation it was found the vehicle
 8  had been stolen out of Williamson County earlier that
 9  day, and Mr. Sealy had admitted to use of drugs and
10  also had methamphetamine found on his person.  The
11  vehicle that was stolen out of Williamson County had
12  been put in LEADS.  The vehicle was then taken into
13  evidence to be searched by law enforcement.
14      All events occurred in Hamilton County in
15  terms of the vehicle being stolen.  And the owner's
16  name was Michael Bramlett.  And the vehicle
17  identification was a Ford F-150, 2013, VIN No.
18  1FTMF1CM5DKG49061.  All events occurred in Hamilton
19  County.
20      THE COURT:  Thank you.
21      MR. TURPIN:  No issues with the factual basis as
22  stated, Your Honor.
23      THE COURT:  Thank you.
24      MR. HOOD:  Subsequently, the defendant in Case
```

```
 1  No. 20-CF-29, was transported to the Hamilton County
 2  Sheriff's Department.  That while in custody of the
 3  Hamilton County Sheriff's Department he was able to
 4  work a restraint loose, was able to look up for --
 5  and all of this was captured on a security camera in
 6  the Sheriff's Department.  Look up and see a fire
 7  extinguisher, took the fire extinguisher, and being
 8  told to put the fire extinguisher down, after
 9  releasing himself from restraint, began to discharge
10  the fire extinguisher approximately 10 to 15 feet
11  into the eyes and face of Deputy Devin Elliot and
12  Officer Chase Partain, where he committed an
13  aggravated battery in terms of spraying them.  Both
14  officers had trouble seeing and breathing for a
15  period of time afterwards.  Therefore, being charged,
16  after spraying the powder chemicals in their eyes,
17  face and nose while being authorized in their
18  official execution of their duties, with aggravated
19  battery.
20          That occurred in Hamilton County as well on
21  October 20th.
22       THE COURT:  Mr. Turpin?
23       MR. TURPIN:  No issues with the factual basis as
24  stated.
```

```
 1       THE COURT:  Thank you.  Let's discuss his
 2  criminal history.
 3       MR. HOOD:  Judge, Williamson County 09-CF-375,
 4  residential burglary, Class 3 felony, Department of
 5  Corrections, four years.  Williamson County
 6  10-CF-355, residential burglary, Class 1 felony,
 7  12 years.  Williamson County 18-CF-210, felon in
 8  possession of weapon, Class 3 felony, Department of
 9  Corrections, three years.  Williamson County
10  19-CF-56, criminal damage to property, over $500 but
11  less than $10,000, Class 4 felony, two years.  And
12  then the case that he's pled to three years that is
13  running consecutive to this, so it will be a total of
14  nine years between Williamson and Hamilton.  All
15  Hamilton run concurrent but consecutive to Williamson
16  County.
17       THE COURT:  Mr. Turpin?
18       MR. TURPIN:  Correctly stated, Your Honor.
19       THE COURT:  Very good.  As to the Presentence
20  Investigation Report?
21       MR. HOOD:  State would waive.
22       MR. TURPIN:  Your Honor, we would waive.
23       THE COURT:  Okay.  Let me confirm with Mr. Sealy.
24  Is that your understanding today, the agreement as to
```

```
 1  the terms as recited?
 2       MR. SEALY:  Yes, Your Honor.
 3       THE COURT:  Okay.  All right.  I want to make
 4  sure that you understand your rights, the rights that
 5  you are waiving.  And first I want to confirm with
 6  you as to 2022-CF-29.  I have in my hands a judgment,
 7  a plea of guilty and waiver of jury and a financial
 8  sentencing order.  You have signed the plea of guilty
 9  and the waiver of jury as well as the financial
10  sentencing order; is that correct, sir?
11       MR. SEALY:  Yes, Your Honor.
12       THE COURT:  All right.  Have you had sufficient
13  opportunity to speak with your attorney concerning
14  the terms of this agreement?
15       MR. SEALY:  Yes, Your Honor.  Yes, Your Honor.
16       THE COURT:  As to 21-CF-44, and that is the --
17  sorry, the unlawful possession of a stolen or
18  converted vehicle.  As well I have your signature on
19  the plea of guilty and waiver of jury, as well as the
20  financial sentencing order; is that correct, sir?
21       MR. SEALY:  Yes, Your Honor.
22       THE COURT:  And you have had a sufficient
23  opportunity to speak with your attorney concerning
24  the terms of this agreement?
```

```
 1        MR. SEALY:  Yes, Your Honor.  Yes.
 2        THE COURT:  All right.  Let's go through your
 3   rights.
 4            (Discussion held off the record.)
 5        THE COURT:  All right.  Concerning the defendant
 6   and the rights that he is waiving, sir, the State has
 7   the burden of proof in your case and never loses the
 8   burden of proof.  You are presumed innocent until
 9   proven guilty.  You have the right to a trial, either
10   a jury trial or a bench trial, which is a trial by a
11   judge.  You have the right to plead not guilty, the
12   right to remain silent.  You have the right to
13   confront and cross-examine witnesses, and the right
14   to present witnesses on your behalf and have
15   witnesses and records subpoenaed for trial.  By
16   entering this plea of guilty today in these cases you
17   are giving up those rights.  Do you understand?
18        MR. SEALY:  Yes, Your Honor.
19        THE COURT:  All right.  Let's discuss any
20   possible collateral consequences concerning a plea of
21   guilty or a conviction.  All right.  The sentence --
22   hold on for just a moment.  The sentence for any
23   future conviction may be increased or there may be a
24   possibility of the imposition of a consecutive
```

1  sentence as well. There could be registration
2  requirements that could restrict where you work, live
3  or be present. There could be an impact upon your
4  ability to, among other things, retain or obtain
5  housing, retain or obtain employment, retain or
6  obtain a firearm, an occupational license or a
7  driver's license. Do you understand that, sir?
8      MR. SEALY: Yes, Your Honor.
9      THE COURT: Okay. And let me just confirm with
10 you, has anyone threatened you or forced you to plead
11 guilty today?
12     MR. SEALY: No, Your Honor.
13     THE COURT: Has anyone promised you anything
14 other than what I have heard today?
15     MR. SEALY: No, Your Honor.
16     THE COURT: Okay.
17     MR. TURPIN: Your Honor, I think maybe before you
18 continue on -- (inaudible)
19     COURT REPORTER: Wait a minute, Judge. I don't
20 know who's talking, and I can't hear them very well.
21     MR. TURPIN: Oh, this is Defense Attorney Turpin.
22 I was just asking the judge because I think we need a
23 correction in the mittimus that I would need to speak
24 with my client about momentarily, that maybe we

```
 1  should have just a very short recess.
 2      THE COURT: Very good. We'll recess. We'll go
 3  off the record for a moment.
 4              (Discussion held off the record.)
 5      THE COURT: We are back on the record. Attorney
 6  Turpin is going to explain the issue concerning --
 7      MR. TURPIN: Your Honor, during the recess that I
 8  asked the Court for I explained to my client and I
 9  had previously explained to him that on a Class 2
10  felony he would be eligible for parole. But the
11  State's Attorney brought it to my attention that that
12  was a mistake in the mittimus. And so once he
13  brought that to my attention I asked for a short
14  recess to make sure that my client understood that
15  the conditions of his plea today would include
16  one year MSR on both of those cases, and I believe
17  they are to run concurrent. But I explained that to
18  him just for a short time in the back room. And I
19  believe he understands, but I can understand if the
20  Court would like to ask him about it further.
21      THE COURT: Yes. Mr. Sealy?
22      MR. SEALY: Yes.
23      THE COURT: All right. You have heard the
24  statements just made by your attorney, Mr. Turpin,
```

1 concerning the issue of the mandatory supervised
2 release, or parole.  Do you understand?
3     MR. SEALY:  I understand.
4     THE COURT:  Okay.  So both judgments are now
5 marked with one year MSR.  And that is your agreement
6 today, sir, as well, correct?
7     MR. SEALY:  Yes, Your Honor.
8     THE COURT:  Okay.  Thank you.  I'll go ahead and
9 go through the possible penalties now as well.  All
10 of these are Class 2 felonies, I believe.  For Class
11 2 felonies possible penalties include imprisonment
12 for 3 to 7 years, extended range 7 to 14 years.
13 Mandatory supervised release, or parole, 12 months,
14 one year.  Periodic imprisonment, you would be
15 eligible for 18 to 30 months, as well as a maximum
16 4 years probation or conditional discharge.  Fines
17 can be up to $25,000 or the amount specified in the
18 offense, whichever is greater.
19         Do you understand, sir?
20     MR. SEALY:  Yes, Your Honor.
21     THE COURT:  Okay.  And let me confirm, sir, are
22 you a United States citizen?
23     MR. SEALY:  Yes.
24     THE COURT:  You have a right to appeal.  Prior to

```
 1  taking an appeal you must file in the trial court
 2  within 30 days of the date in which sentence is
 3  imposed a written motion asking to have the judgment
 4  vacated and for leave to withdraw your plea of
 5  guilty.  You must set forth the grounds in the
 6  motion.  If the motion is allowed the plea of guilty,
 7  sentence and judgment will be vacated and a trial
 8  date will be set.  Upon the request of the State, any
 9  charges that may have been dismissed as a part of the
10  plea agreement will be reinstated and set for trial.
11  If you are indigent a copy of the transcript will be
12  provided to you at no cost and counsel will be
13  provided to you.  And in any appeal taken from the
14  judgment on the plea of guilty, any issue or claim of
15  error not raised in the motion shall be deemed waived
16  by the Appellate Court.
17          Understand, sir?
18     MR. SEALY:  Yes, Your Honor.
19     THE COURT:  Okay.  Very good.
20          Anything further, attorneys?
21     MR. TURPIN:  I have nothing, Judge.
22     THE COURT:  Very good.  I'll accept this plea as
23  being entered into knowingly and voluntarily.  Okay.
24  Thank you.  Thank you, Leslee.  We'll go off the
```

```
 1  record.
 2              (End of Proceedings.)
 3                *    *    *    *    *
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
```

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
HAMILTON COUNTY, ILLINOIS

**CERTIFICATE OF REPORTER**

I, LESLEE COPPLE, CSR # 084.004381, an Official Court Reporter for the Circuit Court of Hamilton County, Second Judicial Circuit of Illinois, reported in machine shorthand the proceedings had on the hearing in the above-entitled cause and transcribed the same by Computer Aided Transcription, which I hereby certify to be a true and accurate transcript of the proceedings had before the Honorable Sonja L. Ligon. Witness my hand as Official Court Reporter this 10th day of January, 2023.

_____
Official Court Reporter