IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Aaron Sealy, </br></br>        Plaintiff, </br></br> v. </br></br> Chase Partain, Deputy D. Elliot, City of McLeansboro, Hamilton County Sheriff's Office, and Hamilton County, </br></br>        Defendants. | Case No.: 22-CV-2349-SPM </br></br> Judge Stephen P. McGlynn |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS [ECF 65]**

Plaintiff Aaron Sealy, by and through his attorneys, hereby moves pursuant to Fed.R.Civ.Proc. 54(b) for reconsideration of the Memorandum and Order on Defendants' Motion to Dismiss. ECF 65. Because the Court committed manifest error of fact in granting Defendants' motion, the Court must revise its order and deny Defendants' motion to dismiss. ECF 59.

**MEMORANDUM OF LAW[1]**

A motion to reconsider a non-final order is governed by Federal Rule of Civil Procedure 54(b), which states, in relevant part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed.R.Civ.Proc. 54(b); *see also Bilek v. Am. Home Mortg. Servicing*, No. 07 C 4147, 2010 WL 3306912, at *1 (N.D. Ill. Aug. 19, 2010). Rule 54(b) codifies a court's "inherent authority to reconsider its interlocutory orders because such orders may be revised at any time before the

---

[1] Given the Court's thorough "Relevant Factual and Procedural Background" in its Memorandum and Order, Plaintiff is foregoing an Introduction or Background section.

1

Court enters a final judgment." *Bilek* at *1 (citing *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) ("every order short of a final decree is subject to reopening at the discretion of the district judge"); *Sims v. EGA Prods., Inc.,* 475 F.3d 865, 870 (7th Cir. 2007) ("nonfinal orders are generally modifiable")).

Motions under Rule 54(b) are utilized "to correct manifest errors of law or fact or to present newly discovered evidence." *Keene Corp. v. International Fidelity Insurance Co.*, 561 F.Supp. 656, 665 (N.D.Ill.1982), *aff'd*, 736 F.2d 388 (7th Cir.1984). A manifest error occurs where there is "a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). A motion for reconsideration may be granted where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted).

## ARGUMENT

### The Court committed manifest error of fact in granting Defendants' motion to dismiss.

A material fact has been ignored or misunderstood by the Court in ruling on Defendants' motion to dismiss, thereby resulting in a manifest error of fact which requires the Court to revise its order and deny Defendants' motion to dismiss. Specifically, the Court is under the mistaken belief that Plaintiff pled guilty to aggravated battery pursuant to 720 ILCS 5/12-3.05**(a)(3)**, when in fact Plaintiff pled guilty pursuant to 720 ILCS 5/12-3.05**(d)(4)**. There are material differences between the two subdivisions, and said differences affect the applicability of *Heck* in this case.

In finding Plaintiff's claims of excessive force (Counts I and II) and willful and wanton conduct (Counts III and IV) *Heck* barred, the Court held:

2

> "Illinois law defines aggravated battery as when an individual knowingly '[c]auses great bodily harm or permanent disability or disfigurement to an individual who the person knows to be a peach officer.' 720 Ill. Comp. Stat. 5/12-3.05(a)(3). Additionally, in Illinois, '[a] police officer may use deadly force when another person presents an immediate danger of serious harm to the officer or others.' *Soriano v. Town of Cicero*, 521 F. App'x 565, 568 (7th Cir. 2013) (citing *Estate of Starks v. Enyart*, 5 F.3d 230 (7th Cir. 1993)). Since he pleaded guilty to the aggravated battery charge, he admits that he *knowingly caused serious bodily harm* to both Partain and Elliot by intentionally spraying powdered fire retardant in their eyes and mouths… Therefore, Sealy's guilty plea to aggravated battery *by definition* establishes that he intended to cause great bodily harm and knowingly caused great bodily harm to Partain and Elliott."

ECF 65, p. 9-10.

The Court is correct that 720 Ill. Comp. Stat. 5/12-3.05(a)(3) defines aggravated battery as knowingly causing "great bodily harm or permanent disability or disfigurement to an individual who the person knows to be a peach officer." However, Plaintiff did not plead guilty to subdivision (a)(3). As stated in <u>Plaintiff's Response to Defendants' Combined Motion to Dismiss</u> [ECF 61, p. 7], it is undisputed that Plaintiff pled guilty to two counts of aggravated battery pursuant to 720 ILCS 5/12-3.05(d)(4), which provides:

> (d)   Offense based on status of victim. A person commits aggravated battery when, in committing a battery, other than by discharge of a firearm, he or she knows the individual battered to be any of the following:
>
> (4)   A peace officer…:
> (i) performing his or her official duties;
> (ii) battered to prevent performance of his or her official duties; or
> (iii) battered in retaliation for performing his or her official duties.

The "Judgment-Sentence to Illinois Department of Corrections," attached as Exhibit B to Defendants' motion to dismiss, clearly states that Plaintiff was adjudicated guilty of two counts of aggravated battery pursuant to 720 ILCS 5/12-3.05(d)(4)). ECF 59-3. Therefore, Plaintiff <u>did not</u> admit he "*knowingly caused serious bodily harm* to both Partain and Elliot" pursuant to 720 ILCS 5/12-3.05(a)(3), he admitted he committed a battery on them pursuant to 720 ILCS 5/12-3.05(d)(4). Plaintiff's guilty plea to aggravated battery <u>did not</u> "*by definition* establish that he

3

intended to cause great bodily harm and knowingly caused great bodily harm to Partain and Elliott."

Clearly, aggravated battery pursuant to subdivision (a)(3) is a more serious offense than subdivision (d)(4).  Subdivision (a)(3) is a Class 1 felony, while subdivision (d)(4) is a Class 2 felony. 720 ILCS 5/12-3.05 et seq.  It is logical that (a)(3) carries a higher potential penalty than (d)(4), because (a)(3) involves knowingly causing great bodily harm or permanent disability or disfigurement to an officer, while (d)(4) simply involves knowingly committing a battery on an officer.

The Court is correct that "a police officer may use deadly force when another person presents an immediate danger of *serious harm* to the officers or others." *Soriano v. Town of Cicero*, 521 F. App'x 565, 568 (7th Cir. 2013) (emphasis added).  And Plaintiff would likely have a weaker argument that his claims are not *Heck* barred had he in fact pled guilty to subdivision (a)(3) and therefore admitted that he caused "great bodily harm or permanent disability or disfigurement" to Partain and Elliot.  But he did not.  He pled guilty to subdivision (d)(4), which is committing a battery[2] upon Partain and Elliot.

Because Plaintiff pled guilty to battering the officers pursuant to (d)(4), and did not plead guilty to (a)(3) "causing great bodily harm or permanent disability or disfigurement," his claims are not *Heck* barred.  Just because Plaintiff pled guilty to battering the officers pursuant to (d)(4) does not mean, as a matter of law, that Plaintiff cannot prevail in this suit for excessive force and willful and wanton conduct.  There is nothing inherently contradictory about the crimes Plaintiff

---

[2] (720 ILCS 5/12-3) "Battery. (a) A person commits battery if he or she knowingly without legal justification by any means (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual. (b) Sentence. Battery is a Class A misdemeanor."
The only reason Plaintiff's offense is a felony is because the victims of the battery are police officers, not because he caused the officers "great bodily harm or permanent disability or disfigurement."

4

pled to and the later civil suit. *Tolliver v. City of Chicago*, 820 F.3d 237, 243 (7th Cir. 2016). Furthermore, the record here must be taken in the light most favorable to Plaintiff, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and the record does not reflect that Plaintiff cannot prevail on his claims as pled.

Relief must be granted to pursuant to Federal Rule of Civil Procedure 54(b). "The Court has patently misunderstood" Plaintiff's position, *Bank of Waunakee* at 1191, and the Court must correct the manifest error of fact when it ignored or misunderstood the material fact that Plaintiff <u>did not</u> admit that he "*knowingly caused serious bodily harm* to both Partain and Elliot." Plaintiff respectfully requests this Honorable Court revise its Memorandum and Order [ECF 65] and deny Defendants' Motion to Dismiss. ECF 59.

**WHEREFORE**, Plaintiff respectfully request this Honorable Court grant the above requested relief and allow Plaintiff's Second Amended Complaint [ECF 47] to be the operative complaint in this matter.

Dated: February 14, 2024.

Respectfully submitted,

*/s/ Jason Marx*
Jason Marx
Attorney for Plaintiff Aaron Sealy
Hale & Monico
53 W. Jackson, Suite 334
Chicago, IL 60604
(312) 870-6912
jmarx@halemonico.com
ARDC No. 6279266